## Peck's Estate.

*Wills—Construction—Legacy conditioned on legatee surviving testator— Lapsed legacy—Intestacy—Heirs.*

1. Where a testatrix in her will directed that the residue of her estate be divided between six persons named, "if they survive me, and not to their heirs," and only three of those named survived her, the entire residue is properly awarded to the three survivors, excluding the heirs of those dead.

2. Under section 15 (c) of the Wills Act of June 7, 1917, P. L. 403, there was no intestacy as to those who did not survive.

Exceptions to adjudication. O. C. Lancaster Co., Nov. T., 1922, No. 41.

*John A. Coyle*, for exceptions; *B. Frank Kready*, contra.

SMITH, P. J., Oct. 18, 1923.—The words used by the testatrix in disposing of the residue of her estate are: "I will and direct that the same shall be divided into six (6) equal shares to and among the following persons if they survive me and not to their heirs." Six persons were named; among them Lizzie Sheperd, Fannie Epler and Aaron Keener, none of whom survived her. To the other three awards were made. Exception is taken to the refusal of a share to the "heirs" of Aaron Keener. Another exception is, "The court erred in not awarding the distributive share of the residuary legatees to their heirs," which, to put it mildly, seems to be out of place. The awards were to the legatees. They had no heirs, as they were living. Had they not survived the testatrix, they would not have been legatees. The heirs of the persons named who died before the testatrix are expressly excluded by her, though the result would have been the same had she not thus emphasized her intention. Both the testatrix and the exceptants seem to have had a vague, undefined

4 D. & C.

impression that there was some sort of a way by which potential legatees might be made actual legatees. Intending to prevent such an happening, the testatrix added the words, "and not to their heirs." While the exceptants pin their faith to "heirs" as if a sovereign remedy, notwithstanding a score of heirs might be impotent to prevent a legacy from lapsing. "Heirs" is not the touchstone created by section 15 (b) of the Wills Act of June 7, 1917, P. L. 403. It is "issue."

This will calls for no interpretation. The testatrix has clearly declared her intention and distinctly indicated her legatees. She gives her residuary estate to those of six persons who survived her. The residuary legatees are three of these six persons who were living at the time of her death. It requires no special training or knowledge of rules of construction and decisions of courts and acts of assembly to enable one to understand what this testatrix has said, and it would be difficult to paraphrase it to make her intention clearer. If, with a like meaning as the word "if" was used, she had said "provided" or "on condition," her intention would not have been put any more distinctly. If the six persons named had died before the testatrix, she would have died intestate as to the residue of her estate, as she would have done as to the three who died, except for section 15 (c) of the act just referred to. The question as to a lapsed legacy does not arise, because no one was named as an actual legatee; all were only potential legatees. They could become actual only by surviving the testatrix.

Exceptants cite Stock's Estate, 29 Dist. R. 376, as "the only case found that is in any way parallel" with the one considering. We fail to find it in any way paralleling. There the court said, "On the face of the will there is a patent absurdity," and it is not surprising that the estate was awarded under the intestate laws.

Exceptions are dismissed and the adjudication is confirmed absolutely.

From George Ross Eshleman, Lancaster, Pa.